# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| IN RE: | : | |
| | | Case No. 3:07MC010 |
| MIAMI VALLEY HOSPITAL, | : | |
| | | District Judge Thomas M. Rose |
| Movant. | : | Magistrate Judge Sharon L. Ovington |
| | | |
| VICTORIA KLEIN, *et al.*, | : | |
| | | |
| Plaintiffs, | : | |
| | | United States District Court, |
| vs. | : | Northern District of Texas |
| | | No. CA 7-03-CV-102-D |
| O'NEAL, INC. d/b/a O'Neal, Jones & | : | |
| Feldman Pharmaceuticals, *et al*, | | |
| | : | |
| Defendants. | | |
| | : | |

## DECISION AND ENTRY

Miami Valley Hospital, Premier Health Partners, and Autumn Priser (collectively, "Miami Valley Hospital") bring this miscellaneous case seeking to quash a subpoena directed at Autumn Priser, the records custodian at the Dayton Miami Valley Hospital. (Doc. #1, Exhibits A, B at 1).

The undersigned Judicial Officer previously denied without prejudice to renewal a Motion filed by Plaintiffs' attorney, Art Brender, Esq., for Leave to Appear *Pro Hac Vice* due to its non-compliance with S.D. Ohio Civ. R. 83.4. (Doc. #6). This case is presently before the Court upon Plaintiffs' Motion to Reconsider (Doc. #9) that Order, and the record as a whole.

A review of Plaintiffs' Motion to Reconsider and supporting Exhibits reveals that attorney Brender has now satisfied the criteria of S.D. Ohio Civ. R. 83.4.  He has submitted a certified letter from the Office of The Chief Disciplinary Counsel, State Bar of Texas stating that he is an active member in good standing of the State Bar of Texas.  (Doc. #9, Exhibit A). Brender has also been admitted to practice law in United States District Courts for the Northern, Eastern, Southern, and Western Districts of Texas as well as the United States Courts of Appeals for the Fifth and Ninth Circuits.  (Doc. #9 at p. 2).  Plaintiffs have retained Elaine S. Bernstein, Esq. to act as local counsel in this case.  *Id*.  In addition, Plaintiffs previously remitted the required filing fee to the Clerk of Court in this case in connection with attorney Brender's original Motion for Admission *Pro Hac Vice*.  (Doc. #5).  For these reasons, Plaintiffs' Motion to Reconsider is well taken and good cause therefore exists to grant their Motion to Reconsider, to vacate the prior Order (Doc. #6), and to grant attorney Brender's original Motion to Appear *Pro Hac Vice* (Doc. #5).

This case is also before the Court upon Non-Party Witness Miami Valley Hospital's Motion to Strike Plaintiffs' Response (Doc. #8) to Miami Valley Hospital's Motion to Quash. Because attorney Brender is professionally qualified to be admitted *pro hac vice* in this case, Plaintiffs' Response to the Motion to Quash, which Brender signed, does not violate Rule 83.4 or Fed. R. Civ. P. 11.  In addition, leaving Plaintiffs' Response in the record will result in no prejudice to Miami Valley Hospital since there has not been an inordinate delay caused by counsel's initial non-compliance with Rule 83.4, and since the Court will grant additional time for Miami Valley Hospital to file a Reply in Support of their Motion to Quash.  Accordingly, Miami Valley Hospital's Motion to Strike lacks merit.

The parties should note that they remain free to informally resolve their present dispute, particularly in light of the broadly-worded discovery Order issued by Senior United States District Judge Jerry Buchmeyer in the underlying civil action.[1]

### IT IS THEREFORE ORDERED THAT:

1. Plaintiffs' Motion to Reconsider (Doc. #9) is GRANTED; the Court's Order of May 24, 2007 (Doc. #6) is VACATED; and attorney Brender's original Motion for Leave to Appear *Pro Hac Vice* (Doc. #5) is GRANTED;

2. Non-Party Witness Miami Valley Hospital's Motion to Strike Plaintiffs' Response to Motion to Quash (Doc. #8) is DENIED; and

3. **On or before July 6, 2007**, Non-Party Witness Miami Valley Hospital may, if it wishes, file a Reply in Support of its Motion to Quash.

June 19, 2007

    s/Sharon L. Ovington
Sharon L. Ovington
United States Magistrate Judge

---

[1] The Court has not made a decision regarding whether or not Miami Valley Hospital's Motion to Quash has merit.